# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**EDWARD C. BROWN,**

    **Plaintiff,**

**v.**                                         **Civil Action No. 2:12cv24**
                                                **(Judge Bailey)**

**TIMOTHY STEWART, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On March 27, 2012, the *pro se* Plaintiff, a federal inmate at FCI Morgantown, initiated this case by filing a <u>Bivens</u> complaint which appears to allege that he is being denied access to prescribed medication for chest, back, and neck pain. Additionally, Plaintiff alleges FCI Morgantown is preventing his access to necessary neck surgery. As a result, Plaintiff alleges chronic pain and the denial of prescribed medicine and surgery has prevented him from participating in institutional programs, as well as affecting his physiological condition. On April 18, 2012, the Plaintiff was granted leave to proceed *in forma pauperis*. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §§ 1915A and 1915(e).

## Standard of Review

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against

a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## Analysis

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[2] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

Moreover, in Woodford v. Ngo, 548 U.S. 81, 84-85 (2006), the United States Supreme Court

---

[1] Id. at 327.

[2] Id.

found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." Woodford at 92-94 (emphasis added). Full and proper exhaustion includes *meeting all the time and procedural requirements of the prison grievance system*. Id. at 101-102 (emphasis added).

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). See 28 C.F.R. § 542.10, et seq. If the prisoner achieves no satisfaction informally, he must file a written complaint to the Warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the Warden's response, he may appeal to the Regional Director of the BOP (BP-10) within 20 days of the Warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response.[3] An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. 28 C.F.R.§ 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

---

[3]"If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CMM. within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days...If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

In Jones v. Bock, 549 U.S. 199 (2007), the United States Supreme Court ruled, among other things, that an inmate's failure to exhaust under the PLRA is an affirmative defense, and an inmate is not required to specifically plead or demonstrate exhaustion in his complaint. Nonetheless, pursuant to the Court's authority under 28 U.S.C. § 1915, it not foreclosed from dismissing a case *sua sponte* on exhaustion grounds, if the failure to exhaust is apparent from the face of the complaint. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681-82 (4th Cir. 2005).

Though the Plaintiff in this case did file a grievance at all four levels provided by the BOP, the Plaintiff did not successfully exhaust his administrative remedies fully and properly because he did not file the grievances within the proper deadlines. On October 5, 2011, Plaintiff filed a written grievance regarding the denial of prescribed medication to the Warden of FCI Morgantown, Timothy Stewart. (Doc 1-1, p. 1). On October 17, 2011, Mr. Stewart replied to Plaintiff's grievance, offering information about the Plaintiff's medical records and declining to take any action because the Plaintiff had failed to request specific relief. (Id.). On November 11, 2011, twenty-five days after receiving a response from the Mr. Stewart, Plaintiff appealed to the BOP Regional Director. (Doc 1-2, p. 1). The Regional Director rejected Plaintiff's appeal because he failed to appeal within twenty days after the Warden's written response. (Doc 1-3, p. 1). On January 30, 2012, forty-nine days after receiving a response from the Regional Director, the Plaintiff appealed to the BOP General Counsel. (Doc 1-4, p. 1). The General Counsel also rejected Plaintiff's appeal because he failed to appeal within thirty days after the Regional Director's written response. (Doc 1-5, p. 1).[4] Because the Plaintiff failed to exhaust his claims in a timely manner prior to filing suit in federal court, and the failure to exhaust is apparent, his complaint should be dismissed. See Woodford, 548

---

[4] The BOP General Counsel permitted the Plaintiff fifteen days to resubmit his appeal following the instructions provided by the BOP Regional Director. (Doc 1-5, p. 1). Plaintiff did not resubmit an appeal as offered the BOP General Counsel.

U.S. at 85 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

### Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's complaint be **DISMISSED without prejudice** for the failure to exhaust administrative remedies.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: 5-30-2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE